American Accident Company v. Reigart.

CASE 96—PETITION ORDINARY—September 16.

94 547
e109 669

94 547
132 24

# American Accident Company v. Reigart.

APPEAL FROM MASON CIRCUIT COURT.

1. A POLICY OF INSURANCE MUST BE LIBERALLY CONSTRUED in favor of the insured, and where the words are without violence susceptible of two interpretations, that which will cover the loss must in preference be adopted.

2. ACCIDENT INSURANCE.—The death of a person caused by a piece of beefsteak passing into the windpipe in eating is a death received through " external, violent and accidental means " within the meaning of an accident insurance policy, restricting the right of recovery to cases of death from such means.

3. BURDEN OF PROOF.—In an action upon an accident insurance policy, the defendant having attempted to deny that death was caused by the accident as alleged in the petition, the burden was on the plaintiff, and she was entitled to the concluding argument to the jury, and the defendant will not now be allowed to say that its denial was bad, and that as the only defense was that the insured was intoxicated, it was entitled to the burden of proof.

L. W. ROBERTSON FOR APPELLANT.

1. To authorize a recovery on the policy sued on it is not sufficient that death resulted from accident, but the accident must have been caused by external violence, or by means externally violent. In the case at bar there was no external violence, and, therefore, can be no recovery. McGlinchey v. Fidelity and Casualty Co., 80 Me., 251 (6 Am. St. Rep., 190), and Paul v. Travelers' Ins. Co., 112 N. Y., 472 (8 Am. Rep., 758), distinguished.

2. The burden of proof was on appellant, and the court erred in giving to appellee the concluding argument to the jury.

THOMAS H. HINES OF COUNSEL ON SAME SIDE.

COCHRAN & SONS FOR APPELLEE.

1. A death caused by a piece of meat accidentally passing into the windpipe and lodging there is a death through external and violent means within the meaning of the policy sued on. (May on Insurance (3rd ed.), sec. 175; Healey v. Mut. Acc. Asso., 133 Ill., 556; Southard v. The Railway Pass. Ass'n, 34 Conn., 574; Bacon v. U. S. Mut. Acc. Ass'n, 44 Hun., 599; Paul v. Ins. Co., 112 N. Y., 472; s. c., 45 Hun., 313; U. S. Mut. Acc. Ass'n v. Newman, 84 Va., 52; Pickett v. Pac. Mut. Life Ins. Co., 22 Atl., 871; McGlinchey v. Cas. Co., 80 Me.,

251; Trew v. Assurance Co., 5 Hurl. & N., 211; Reynolds v. Ins. Co., 22 Law T., 820; Winspear v. Ins. Co., 42 Law T. (N. S.), 459.)

2. Appellant in its answer denied that decedent's death was occasioned by a piece of meat or beefsteak accidentally passing into his windpipe while eating, and, therefore, the burden was on appellee. But if not, the evidence is so palpably for appellee as to render it idle to grant a new trial because appellant was not given the concluding argument to the jury. (Royal Ins. Co. v. Schwing, 87 Ky., 410.)

JOHN F. LACY AND EDWARD W. HINES OF COUNSEL ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, Julia J. Reigart, the widow of Thomas J. Reigart, instituted this action in the Mason Circuit Court to recover five thousand dollars upon an accident policy, issued by the American Accident Company, of Louisville, Ky., to said Reigart, and made payable to his wife if she survived him.

Her husband lost his life by eating a piece of beefsteak, that in the attempt to swallow, accidentally passed into his windpipe, choking him to death in a few moments. By the terms of the policy, the insurance was made payable *for injury or death received through external, violent and accidental means.* That the death of the insured was accidental is conceded, but it is contended that the contract of insurance only embraces accidental injuries caused by external violence or accidents brought about by means externally violent.

It is argued that the act of chewing or eating food is natural and harmless, and if in eating, a part of the food passes into the windpipe, causing death, it can not be said that death was produced by means of external violence or force; in other words, that the plain meaning of the language of the policy, "*through*

*external, violent and accidental means,*" is that the accident causing death must have been caused by an external force. The court below, placing a different construction on the contract, said in effect to the jury, if the death was accidental and caused by the passing of the steak into the windpipe, they should find for the plaintiff.

The rule laid down by Mr. May in his work on Insurance (3d edition), section 175, is as follows: "No rule, in the interpretation of a policy, is more fully established or more imperative and controlling than that which declares, in all cases, it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to indemnity, which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain and cover the loss must, in preference, be adopted." And we might add that no construction should be placed upon such contracts as would defeat the intention of both parties, as it is manifest, if the interpretation given the language of this policy by counsel for the defense is adopted, it would defeat the intention of both the contracting parties.

The doctrine of this court as announced in Hutchcraft's Adm'r v. Travelers' Ins. Co., reported in 87 Ky., 300, where the authorities were reviewed on the question there presented, recognizes fully this rule of construction, and that regard must be had to the purpose sought to be accomplished by both the parties.

This appellant is an accident insurance company,

and its policies are termed *accidental policies*, and the very object of insuring in such companies is to obtain indemnity where an injury or death results from accident. And while the policy provides that the liability arises where the injury "is through external, *violent and accidental. means independently of all other causes*," it was not designed that there should be such external violence, as a fall, a kick, or a blow on the person, as would cause death or an injury before the liability of the company could arise. This language was inserted in the contract to protect the company against hidden or secret diseases resulting in injury where there was no manifestation of harm to the external body. They were not attempting to restrict their liability to a particular kind of accidents, but were guarding the contract by the use of such terms as would prevent liability for injuries not originating from accidental causes, and that were liable to occur at any time from natural causes.

If the steak had been putrid, causing the stomach to revolt at it, or so tough as to interfere with digestion, or to completely stay the operations of nature in such a manner as to produce disease, no one would contend that the pain or the disease was the result of accident, or that the terms of this policy embraced such a case, but when the substance causing the death is visible and placed in the mouth of the assured, lodging by accident in the windpipe instead of the stomach, producing injury or death, it is as much an accident as if the assured had taken arsenic under the belief that it was some harmless medicine. There

is no external force or violence from the poison, and the injury internal in its character, and yet the authorities hold that the insurance company is liable in such a case. (Healey v. Mutual Accident Ass'n, 133 Ill., 556.) It is plain, we think, that the means or that which caused the injury should be external, and not that the injury should have been external.

It is said, however, that if the injury is not to be external, that the death must have resulted from *violent* and accidental means. It is universally understood when it is said "that one died a violent death" that it was unnatural—a death not occurring in the ordinary way, and in fact the definition of the word *violent* is unnatural, and in using this word the insurance company was attempting to prevent the insured from asserting a claim when the injury or death was the result of some natural cause.

In the case of Paul v. Travelers' Ins. Co., 112, N. Y., 472, on a similar policy, it was held "that a death unnatural, the result of accident, imports an external and violent agency as the cause." This same view was taken by the Illinois Supreme Court in the case of Healey v. Mutual Accident Association already cited. A similar construction to the verbiage of like policies has been heretofore given by courts of last resort, and if companies organized as this is, intended that actual external force causing the accident must be shown before a recovery could be had, it would be easy to so frame the language of the policy as to leave no doubt as to its meaning. The instructions below were proper, and in our opinion, the widow entitled to recover.

Another ground of reversal is the refusal of the court below to give to appellant's counsel the concluding argument. A demurrer had been overruled to the petition, which, in effect, was a decision for the plaintiff if the accident occurred as alleged. The legal question was, therefore, settled, but there were two defenses to the claim—first, a denial that the accident causing the death happened as alleged by the plaintiff; second, that the deceased was under the influence of intoxicating drinks when the accident occurred, and that by an express provision of the policy this exempted the appellant from liability. The proof failed to sustain the second ground of defense, and the denial that the accident was caused as alleged was the only issue of fact that the appellee was required to establish. The overruling of the demurrer did not dispense with the necessity of the plaintiff showing that the death of the intestate was caused by the accident as alleged; and while the sufficiency of the answer may be questioned by reason of the manner in which the denial is made, still it was the appellant's defense, and it attempted by it to place the burden on the plaintiff, and will not be allowed now to say that because its pleading was bad the burden was on the plaintiff.

The judgment below must be affirmed.