**ROSS v. INTERNATIONAL TRAVELERS' ASS'N. (No. 3230.)**

(Court of Civil Appeals of Texas. Texarkana. May 3, 1926.)

Insurance ☞455—Death from rupture of blood vessel, caused by straining in vomiting, held to result from "bodily injury," effected exclusively through "accidental means."

Death from rupture of blood vessel, caused by straining in vomiting, held to result from "bodily injury," effected exclusively through "accidental means," within terms of accident insurance policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accidental Means; Bodily Injury.]

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by Mrs. Kate Barr Ross against the International Travelers' Association. Judgment for defendant on general demurrer, and plaintiff appeals. Reversed and remanded.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Hunt & Teagle, of Houston, for appellee.

LEVY, J. The suit is by appellant, as the beneficiary, on a policy of accident insurance issued by the appellee association to Z. D. Ross. The policy provided that all indemnity payable for injuries not resulting in death would be paid to Z. D. Ross, but that, in case of the death of Z. D. Ross from injuries, the indemnity would be paid to his wife as the beneficiary. The policy stipulated for indemnity "against loss resulting from bodily injuries, effected directly, independently, and exclusively of all other causes, through accidental means." The petition alleged, substantially, that during the day of December 26, 1923, Z. D. Ross ate very heartily of rich foods, and that this caused him during the night to "become nauseated and to severely strain and vomit, and, while so straining and vomiting, a blood vessel of the brain ruptured, producing a hemorrhage of the brain, and which resulted in his death several hours

thereafter." The court sustained a general demurrer to the petition, and the appeal is to review the ruling so made.

Taking the allegations of the petition as presenting the facts, the death of Z. D. Ross was produced by the rupture of a blood vessel acting on the brain. The rupture of the blood vessel was caused through straining, or the violence of it in vomiting, produced by the nausea arising from indigestion. The straining in vomiting was not by intention or purpose. Therefore, was the death caused solely through "accidental means" within the meaning of the policy? Appellee insists that such facts do not create a liability under the policy, because there was no definite shock or force or injury from external causes which inflicted the injury, but merely an antecedent sickness and disease, with total absence of any bodily injury producing the death. The policy does not stipulate that the injury shall be caused by an "external and violent" agency. It provides for payment of loss resulting in case of pure accident. It is thought that it is difficult to say the facts alleged do not show a case of death from "bodily injuries, effected directly, independently, and exclusively of all other causes, through accidental means." The rupture of a blood vessel is a bodily injury, capable of producing death. The violence of the straining in vomiting was the direct and emanative cause of the rupture. The violence or force causing the rupture was the accidental means. The nausea and vomiting were harmless without the violence of straining. In the case of Accident Co. v. Reigart, 23 S. W. 191, 94 Ky. 547, 21 L. R. A. 651, 42 Am. St. Rep. 374, the insured was choked to death while attempting to swallow a piece of beefsteak, which lodged in his windpipe. The court there stated:

"And while the policy provides that the liability arises when the injury 'is through external, violent, and accidental means, independently of all other causes,' it was not designed that there should be such external violence, as a fall, a kick, or a blow, on the person, as would cause death or an injury, before the liability of the company could arise."

This same interpretation supports the several cases upon similar facts to the present one. McGlinchey v. Casualty Co., 14 A. 13, 80 Me. 251, 6 Am. St. Rep. 190; Healey v. Accident Ass'n, 25 N. E. 52, 133 Ill. 556, 9 L. R. A. 371, 23 Am. St. Rep. 637; Paul v. Ins. Co., 20 N. E. 347, 112 N. Y. 472, 3 L. R. A. 443, 8 Am. St. Rep. 758. The rupture of a blood vessel by force or strain is "accidental." Pledger v. Accident Association (Tex. Com. App.) 228 S. W. 110; Benevolent Association v. Miller (Tex. Civ. App.) 280 S. W. 338; Pervangher v. Casualty Co., 37 So. 461, 85 Miss. 31; Driskell v. Accident Ins. Co., 93 S. W. 880, 117 Mo. App. 362;

Horsfall v. Ins. Co., 72 P. 1028, 32 Wash. 132, 63 L. R. A. 425, 98 Am. St. Rep. 846. We conclude that the petition was not subject to a general demurrer.

The judgment is reversed, and the cause is remanded.