**INTERNATIONAL TRAVELERS' ASS'N v. ROSS. (No. 923–4698.)**

(Commission of Appeals of Texas, Section A. March 23, 1927.)

1. **Insurance** ☞455 — **Injury by accidental means depends rather on element of accident in cause of injury, than in mere fact of injury's occurrence.**

In order to find that injury effected by accidental means, element of accident must be found in that which produced injury, rather than in mere fact that injury occurred.

2. **Insurance** ☞466—**Rupture of blood vessel during attack of nausea causing death held result of physical disorder, without intervention of independent agency, in action on accident policy.**

Rupture of blood vessel during attack of nausea and vomiting causing death *held* direct and proximate result of sickness of deceased, without intervention of independent cause or agency in action on policy covering death by accidental means.

3. **Insurance** ☞455—**No recovery could be had, under policy covering death by bodily injury effected through accidental means, for death by rupture of blood vessel resulting solely from physical disorder.**

Death of insured by rupture of blood vessel resulting solely from sickness or physical disorder *held* not due to bodily injury effected through accidental means, for which recovery could be had under policy of accident insurance.

4. **Insurance** ☞455 — **Bodily injuries caused solely by sickness held not injuries effected by "accidental means."**

Bodily injuries of which sickness is sole efficient cause *held* not within scope of accident insurance policy covering bodily injuries effected by accidental means, sickness not being "accident" or "accidental means."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accidental Means.]

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Mrs. Kate Barr Ross against the International Travelers' Association. Judgment dismissing the suit was reversed by the Court of Civil Appeals (283 S. W. 621), and defendant brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas, and Hunt & Teagle, of Houston, for plaintiff in error.

Vinson, Elkins, Sweeton & Weems, of Houston, for defendant in error.

HARVEY, P. J. This suit was brought in the Eleventh judicial district court of Harris county, Tex., by plaintiff in error Mrs. Kate Barr Ross, as beneficiary of an accident insurance policy issued on the life of Z. D. Ross against plaintiff in error for the sum of $6,000.

Plaintiff in error presented and urged a general demurrer to the petition on the ground that the death of assured was not due to bodily injuries effected through accidental means, which the trial court sustained, and defendant in error declining to amend, the suit was dismissed. On appeal, the Court of Civil Appeals reversed said judgment of dismissal. 283 S. W. 621.

Defendant in error alleged in her petition that she was the beneficiary in the policy of accident insurance issued by plaintiff in error on the life of her husband, Z. D. Ross, in November, 1921; that she was the wife of the said Z. D. Ross; that the policy was issued for a valuable consideration; that all premiums were paid; that deceased lost his life on December 27, 1923; that due proof of

loss was made; that all the terms and provisions of the policy had been complied with; and specially pleaded that none of the exceptions contained in the policy applied.

In connection with the death of the said insured, defendant in error substantially alleged that at about 11:30 a. m. on December 26, 1923, the insured ate dinner with friends in the town of Willis, Tex. The dinner consisted of turkey hash, salad, vegetables, and other rich food, of all of which Ross, the insured, ate very heartily. During the afternoon Ross, with his family, left for his home at Sugarland, Tex., and arrived home late that afternoon. After eating a light supper, being very tired and sleepy, he retired early and went to sleep and slept very soundly. That while he was so sleeping, his food, in the process of digestion, excited a headache, and that about 1 o'clock a. m. on the morning of December 27, 1923, he was awaked, arose from bed, and went to the bathroom to take an aspirin tablet. That immediately upon entering the bathroom he became nauseated, and in severely straining in vomiting, he ruptured a blood vessel, causing hemorrhage of the brain, and died several hours thereafter. It was particularly alleged:

"The rupturing of the blood vessel, causing hemorrhage of the brain, was the direct and proximate cause of the death of the said Z. D. Ross, and the means of producing the death was the severe strain in vomiting. The severe straining and vomiting was unexpected, unforeseen, and not anticipated or intended by the deceased, and the said vomiting and straining could not be stopped or controlled by the said Z. D. Ross, he having gone into the bathroom, not for the purpose of straining and vomiting, but for the purpose of taking an aspirin to relieve the headache, and not expecting, intending, or anticipating that he would become nauseated upon arising from the bed, and forced and compelled to vomit and strain, and the rupturing of the blood vessel, which caused hemorrhage of the brain, was the unforeseen, unexpected, and unintentional result of straining and vomiting. Wherefore, the said Z. D. Ross lost his life through bodily injuries effected directly, independently, and exclusively through accidental means."

The insuring clause of the policy in question, and upon which liability was predicated, provided for indemnity "against loss resulting from bodily injuries, effected directly, independently and exclusive of all other causes through accidental means (excluding suicide, voluntary or involuntary, sane or insane)."

[1] According to the averments of the petition, the bodily injury which resulted in the death of Z. D. Ross was the rupture of a blood vessel. Whether such injury is contemplated by the terms of the policy depends upon whether or not the injury was directly effected through accidental means, independently and exclusive of all other causes. And before it can be determined that such injury

was effected by accidental means, the element of accident must be found in that which produced the injury, rather than in the mere fact that the injury occurred. Bryant v. Continental Casualty Co., 107 Tex. 588, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517.

[2] That the sickness or stomach disorder suffered by Ross was the direct cause of the rupture of the blood vessel plainly appears from the allegations of fact in the petition. Ross suffered an attack of nausea. The nausea, and its natural consequence of straining in vomiting, resulted directly in the rupture of the blood vessel, without the intervention of any other cause or agency. It is of no importance that the rupture of the blood vessel was unexpected or was an unusual result of nausea and the consequent straining in vomiting. Vomiting and straining are the natural and usual accompaniments of nausea, and are as much a part of the sickness resulting from the derangement of the stomach as is the distressed feeling produced in the stomach itself. There can be no escape from the conclusion that the rupture was the direct and proximate result of the sickness or physical disorder suffered by Ross, and that no other independent cause or agency intervened to produce the injury, or even to contribute to the injury. The case, as presented by the petition, is to be distinguished from those cases where sickness merely furnishes the condition in which an independent cause operates to produce the injury, as in the cases of Manufacturers' Accident Indemnity Co. v. Dorgan (C. C. A.) 58 F. 945, 22 L. R. A. 620, and Meyer v. Fidelity & Casualty Co., 96 Iowa, 378, 65 N. W. 328, 59 Am. St. Rep. 374, and many other cases of like kind.

[3] Having concluded that the allegations of fact contained in the petition show that the sickness of Ross was the sole proximate cause of the alleged injury, it remains to be considered whether the injury, so caused, is contemplated by the policy provision which has been quoted.

In the case of Bryant v. Continental Casualty Company, supra, the court said:

"The history of accident insurance, as found in the many judicial decisions upon the subject, reveals the constant denial by accident companies of any liability, under the ordinary form of policy, for disease, though accidentally effected, unless proximately caused by bodily injury, and their constant maintenance of the proposition that any other theory of their liability is opposed to the general scheme of accident insurance. This position, generally, has been sustained by the courts."

[4] Sickness, of itself, does not comprehend the element of accident, according to popular conception. It is a physical condition which, in the ordinary course of events, every human being must be expected to undergo at some time and in some degree. The history of human existence proves this to be so. A par-

ticular attack may be unexpected or unforeseen, both in occurrence and result, but this fact does not render the sickness accidental. Therefore sickness can never be regarded as the "accidental means" of effecting a bodily injury, or of itself being accidental, unless the sickness be proximately caused by a bodily injury accidentally sustained. In view of these considerations, it may be stated, as a rule of law governing accident insurance, that bodily injuries, of which sickness is the sole efficient cause, are not effected through "accidental means," hence do not come within the scope of such a provision of an accident insurance policy as we have under consideration here.

We have reached these conclusions after a most careful study and consideration, in the light of the facts of this case, of numerous authorities to which we have been cited; and we think that the general demurrer to the plaintiffs' petition was correctly sustained by the trial court.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.