## Provident Life & Accident Ins. Co. of Chattanooga, Tenn., v. Bailey.

(Decided March 10, 1936)

CRAFT & STANFILL for appellant.

JOHN C. CAMPBELL for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

On February 16, 1828, the Provident Life & Accident Insurance Company, of Chattanooga, Tenn., hereinafter called the company, issued to William Y. Bailey a policy of insurance which, among other things, provided for monthly indemnity in the sum of $50 for a

period not exceeding one year for disability resulting from sickness contracted or beginning during the life of the policy which wholly and continuously disabled and actually prevented him from performing any and every duty pertaining to any business or occupation. It further provided that if the disability should continue for more than one year, the company thereafter would pay one-fourth of the monthly sickness indemnity so long as it should continue. The annual premium on the policy was $48.80, payable in installments of $4.15 on the 6th day of each month on what is called the pay order plan, that is, insured was employed by the L. & N. Ry. Co. and had by written orders directed the company to deduct the amount of the monthly installment from his wages and apply same in payment of the premiums. Payments were continued under this plan up to and including June 16, 1932, which carried the policy to the corresponding date of the following month.

On June 2, 1933, insured instituted this action against the company and by his petition as later amended alleged that on July 7, 1932, he became and has since continuously been so disabled from illness as to be totally and permanently incapacitated from doing work of any kind or character. He sought recovery at the rate of $50 per month for 12 months up to July 6, 1933, and at the rate of $12.50 per month thereafter up to and including January 30, 1935.

By answer, as amended, the company admitted that it issued the policy, but denied all other material allegations of the petition. In a second paragraph it pleaded that because of nonpayment of the premium due on July 16, the policy lapsed as of that date and was not in force or effect thereafter. In a third paragraph it pleaded that by failure of insured to give notice of his disability within the time and manner provided in the policy he forfeited any right to recovery thereunder, and in a fourth paragraph it alleged that insured forfeited his right to recover under the policy because of his failure to comply with the condition precedent requiring him to furnish the company a report in writing every 30 days setting out the condition of insured and the probable duration of his disability.

The issues were completed by a reply traversing the affirmative allegations of the answer. Trial resulted in a verdict and judgment in favor of insured

for $835, and motion and grounds for new trial having been overruled, the company is appealing.

As grounds for reversal, it is argued: (1) That the court erred in overruling appellant's motion for a directed verdict at the close of appellee's evidence and as renewed at the conclusion of all the evidence; (2) that the instructions given were erroneous and that the court erred in not giving instructions offered by appellant; and (3) that the court erred in refusing a continuance.

Under the heading "Special Provisions," the policy in part provides:

"Strict compliance on the part of the insured and beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder, and any failure in this respect shall forfeit to the company all right to any payment. * * * If the insured is disabled by 'such injury' or 'such sickness' for more than thirty days he or his representative shall, as a condition precedent to any liability of the Company hereunder furnish the company at its principal office in Chattanooga, Tennessee, every thirty days thereafter (or as near thereto as may be reasonably possible) with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability."

Under "Standard Provisions," it is provided in part:

"Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. * * * Such notice given by or in behalf of the insured or beneficiary as the case may be to the Company at Chattanooga, Tennessee, or to any authorized agent of the company, with particulars sufficient to identify the Insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The evidence shows and it is admitted that the premium on the policy was paid up to July 16, 1932. Appellee testified that because of illness he became totally disabled on July 6, 1932, and has thereafter been continuously so disabled as to be unable to perform work of any character and in this he is corroborated by physicians and other witnesses, although there is evidence to the contrary. Since the case must be reversed because of error in instructions, it will be unnecessary to review the evidence concerning the nature and duration of the alleged disability except to say that the evidence on that phase of the case was sufficient to take the case to the jury and to sustain a verdict.

There is evidence of payment or rather tender of payment of premiums after July 16, 1932, but that is likewise immaterial if appellee became totally disabled within the meaning of the policy prior to July 16, 1932, and gave proper notice to the company, or if notice was waived by it or its agent.

Appellee testified that he became ill in the latter part of June, 1932, and on the 6th of the following month laid off on account of his illness; that his physician advised him that he was unable to work; that as soon as he laid off he notified Fred Williams, the local agent of the company, of his illness and of his intention to take a trip to Arizona and also wrote the company advising them that he was ill. He stated that the local agent advised him not to make his claim at that time but to go ahead and take a trip and if he was well when he returned not to turn in his claim; that so many had been turning in claims the company was canceling the policies, and that since appellee's policy had accumulated so much he would hate to see it canceled. He also wrote the company a letter while he was in Arizona, in which he inclosed a money order to pay the premium on the policy.

On October 26, 1932, the company wrote Fred Williams, its agent at Hazard, a letter stating that it had received Mr. Bailey's remittance of July 28, but that the June deduction paid protection only to July 16, so the policy had been out of benefit for a period of 18 days at the time the remittance was received; that it would be necessary that the company be furnished with a health certificate when the premium is not paid to the date of the remittance. On September 7, 1932,

the company again wrote the agent a letter returning a money order for $4.15 received from Mr. Bailey on September 2, asking that the agent deliver the money order to him and explain that because he was not regularly employed he was ineligible for protection under the policy, but when he returned to active service of the railroad company, the company would be glad to entertain application for a new contract. On August 18, 1932, the company wrote appellee stating that provided he intended to return to his work in time for deduction to be made from his wages during the month of September, the company would be glad to consider continuing his policy in force to that date provided he had filed a health certificate and also remitted another premium which with the one the company then had would pay protection to September 16.

J. R. Bracewell, division claim manager for the company, testified appellee wrote the company on April 22, 1933, claiming that he became sick on July 5, 1932, and had been disabled ever since that time, and that this was the first notice the company had of the claimed disability from him or from any other source. A copy of this letter is filed in evidence. There is also a copy of a letter from the company to appellee in which it is stated that the letter appeared to be the first information received by the company regarding appellee's illness, and asked for information as to why insured did not notify the company promptly as required by the policy provisions. There is also a letter from appellee filed which is a reply to the letter from the company and in which it is stated that the company did have due notice of appellee's illness, but that the only consideration he got was the return of the last two premiums and the cancellation of his policy.

A continuance was sought because of the absence of Fred Williams, and the affidavit setting forth what the company expected to prove by this witness was read as his evidence. It is to the effect that about the 7th day of July, 1932, appellee informed the agent he was going to Wyoming and was not feeling well, but was not sick, and had no intention of filing claim for benefit under the policy; that he did go away, but returned to work for the railroad company and worked until some time in September, 1932; that after this last work he came to the agent for the first time and asked about filing claim for the time he claimed he was off. The

agent told him he had no blanks and gave him none; that appellee talked with the agent some time in the latter part of August with reference to paying a premium on the policy, but never talked about a claim for sickness until after the days he worked for the railroad company in September; that he did not tell Bailey not to turn in any claim and had no conversation with him concerning a claim until the time above indicated.

In view of the conflict in evidence concerning the question of notice being given to the company or as to whether the company and its agent by their acts and conduct waived notice and from what we have already said concerning the evidence respecting appellee's disability, it is apparent that the court did not err in overruling appellant's motion for a peremptory instruction.

Appellant offered instructions A, B, and C, which were refused. Instruction A authorized a finding for appellee if the jury believed from the evidence that he was wholly and continuously disabled and actually prevented from performing any and every duty pertaining to his business or occupation by reason of sickness, and finding for appellant unless the jury so believed. Instruction B in substance instructed the jury that although they believed from the evidence that appellee was disabled as set out in instruction A, yet, if they believed he failed to give the defendant at its home office at Chattanooga, written notice of such sickness within 10 days after the commencement thereof or believed that plaintiff was disabled by reason of sickness for more than 30 days and he or his representative failed to file with appellant at its home office every 30 days thereof, a report in writing of his attending physician setting out his condition and the probable duration of his disability, then in either event they should find for appellant. Instruction C authorized a finding for appellant even though the jury believed from the evidence that plaintiff asked for blank forms upon which to file proof of claim and same were not furnished him by the company or its agent and yet he did not submit proof of his alleged disability covering the character, occurrence, and extent thereof.

The court gave instructions 1 and 2. By instruction 1 the jury was authorized to find for appellee if they believed from the evidence that while the policy

was in force, he, from sickness, became wholly and continuously disabled and actually prevented from performing any and every duty pertaining to his business and occupation, the finding to be limited to such period as he was regularly treated by a licensed physician. By instruction 2 the finding would be for appellant unless the jury believed as set out in instruction 1.

It will be noted that under the instructions given, the jury was authorized to find for appellee without regard to whether the company had been given notice of his illness or had waived such notice.

In the case of Citizens' Insurance Company of New Jersey v. Railey, 256 Ky. 838, 77 S. W. (2d) 420, 422, it is said:

"Contracts of insurance like contracts concerning any other subject-matter measure the right of the parties thereto and provisions in an insurance policy restricting or limiting the liability of the company will be given effect by courts unless they are unreasonable, illegal, or contrary to public policy; and while forfeiture of insurance contracts are not favored by law and will not be permitted unless clearly established, they are, subject to the exceptions above indicated, valid and will be permitted to operate when expressly provided for under the terms of the policy. Haselden v. Home Insurance Co. of N. Y., 247 Ky. 530, 57 S. W. (2d) 459."

Apparent conflict of authorities in construing provisions in insurance policies relating to the giving of notice arises out of the difference in the terms and conditions of such provisions in various policies, but an examination of the authorities will reveal harmony in decisions when dealing with identical or similar provisions in policy contracts. Some policies require that notice of loss, disability, etc., shall be given "Immediately," "forthwith," etc.; others require that notice shall be given within a fixed time, but do not provide for forfeiture in the event of failure to give notice within the time specified. In others, the giving of the notice within the time specified in the policy is made a condition precedent to recovery and provides a forfeiture for failure to comply with the provisions of the policy in that respect. A compilation of authorities construing these various provisions will be found in the recent

case of Metropolitan Life Insurance Co. v. Nusz, 261 Ky. 281, 87 S. W. (2d) 607, 608.

With respect to the provision making the giving of notice a condition precedent to liability or providing for forfeiture in the event notice is not given within the time specified, it is said:

"An entirely different rule prevails, however, if the giving of notice or furnishing proof of loss is made a condition precedent to liability or if a forfeiture is provided for in the policy, in the event they are not given within the time specified therein. In all recent cases involving policies containing provisions of this character, it has been held in harmony with the general trend of authority that notice or proof shall be furnished within the time specified in the policy contract. [Citing authorities.]"

Whether the requirement that notice of sickness should be given within 10 days is a reasonable requirement, we need not determine, since appellee claims he did give notice to the company and its agent within that time, and the company claims that he did not give notice until April 22, 1933. As indicated in Metropolitan Life Insurance Co. v. Nusz, supra, notice required by the policy may be waived by the company or its conduct may be such as will work an estoppel against pleading and relying upon failure to comply with the provisions of the policy in that respect. While under the provisions of the policy, the company was entitled to notice of the disability, the requirements were met if appellee gave notice within 10 days; or if he notified the agent of his illness within that time and the latter advised him to withhold the giving of notice or making proof until the nature or extent of his illness could better be determined, and thus caused him to delay the giving of notice or making proof, until, as claimed by insured, the policy has lapsed, the giving of notice was thereby waived and the company estopped from setting up that provision of the policy as a defense. This theory of the case should have been embodied in the instructions given to the jury.

It is at once apparent that in the proven circumstances appellant is not in position to rely upon failuse of appellee to furnish every 30 days a report in writing from his attending physician as to his condition

and the probable duration of his disability, and no reference should be made to it in the instruction.

This conclusion renders it unnecessary to discuss the third ground urged for reversal, and it will not likely occur in the event of another trial.

Wherefore the judgment is reversed, and cause remanded for a new trial and proceedings consistent with this opinion.