**THE TRAVELERS, Appellant,**

v.

**HUMMING BIRD COAL COMPANY,
Appellee.**

Court of Appeals of Kentucky.

April 26, 1963.

Rehearing Denied Nov. 1, 1963.

Maxwell P. Barret, Hazard, for appellant.

A. E. Cornett, Hyden, Eugene Clark, Manchester, for appellee.

JOHN B. RODES, Special Commissioner.

This is a suit by Humming Bird Coal Company (owned by Charles Lewis and Ed Stansbury) engaged in the strip and auger mining of coal near Hyden, Kentucky, against The Travelers to recover under two policies of insurance, the first issued February 6, 1956 and covering the period from February 24, 1956 to February 24, 1957, and a renewal issued July 8, 1957 and covering the period from September 10, 1957 to September 10, 1958. Both policies describe the operation of the insured as that of surface mining and contain the same conditions and provisions. In consideration of a premium and in reliance on the statements, conditions and exclusions of the policy, the defendant Travelers agrees in both contracts under coverage B to:

"Pay to the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of hazards hereinafter defined."

Under Division I the hazard referred to is "the ownership, maintenance or use of premises and all operations." The amount recoverable in both policies to lessee for any single accident is $5,000.00.

The facts are simple enough. In October 1956 the Company began surface or strip mining on a mountain side near Hyden, Kentucky in Leslie County. The process was to bulldoze the surface until a bench or shelf was established 30 or 40 feet wide and about 600 feet above the highway at the base of the steep mountain slope. A large amount of earth and debris was removed and pushed over upon the slope of the mountain, with a depth of about 10 feet and with a width of 30 or 40 feet. With an auger the plaintiff Coal Company began to mine coal and continued until December 1956 and all machinery was moved away by March 1957. Prior to December 1956 the earth mass on the slope began to move or slip, not all at once but gradually and slowly until it reached the border line of the Melton farm below, overrunning Melton's water supply and damaging him seriously. The exact time this earth mass passed over the boundary of the Melton land is not known or at least not shown and the process may have taken weeks and even months, but it had its beginning before December 1956 and before the actual mining ceased on the hill. When Melton asserted a claim against the plaintiff Company, oral notice thereof was given to a Mr. Young, owner of an insurance agency in Manchester, who had originally issued the policies, and Mr. Young advised it would be taken care of and investigated.

On September 26, 1958 Melton filed suit against the plaintiff and its representative immediately notified Young, who in turn promptly notified the adjuster of the

Travelers at Corbin, Kentucky. The latter investigated the loss and denied liability upon the grounds set out in the defendant's answer in this case and hereinafter referred to. As the Travelers refused to defend the case, the plaintiff upon the day the case was set for trial, settled it by paying to Melton the sum of $5,500.00. The settlement price was reasonable considering the nature and extent of the injury. Thereupon this suit was filed on September 26, 1958 and plaintiff was given judgment for $5,000.00 against defendant Travelers.

■ Several grounds of reversal are relied on. The first is the lower court failed to comply with Civil Rule 52.01 because the findings of fact were not sufficiently specific. In Clay's Kentucky Civil Rules, page 464, it is stated that the failure to make proper and sufficient findings is not jurisdictional and the Court of Appeals may consider the appeal in their absence. However they are sufficient "if they indicate the factual basis for the ultimate conclusions". (Page 465) While we do not approve the form of the findings of fact in this case, they support the conclusions of law and present no ground of reversible error.

■■ The leading defense of defendant Travelers is that the injury to the Melton property was not an accident within the meaning of the policy. Here lies a misconception. The accident mentioned in the policy need not be a blow but may be a process. It is not required that the injury be the result of some contact with the bulldozer or the shelf or a rock hurled over from the shelf. It is not required to be sudden like an Alpine avalanche that upon a shout roars down with an overwhelming rapidity. A glacier moves slowly but inevitably. Where the accident is a process, how long is then not significant whether it takes three hours, three weeks or months.

■ It was unforeseen that the earth removed from the shelf would not secure a firm foothold. Heavy rock and earth do not flow like water. To remove this earth and rock from the shelf was a natural operation of strip or surface mining. It is true if the earth continued to move, it would inevitably reach the Melton farm. But a foothold might be regained, particularly at the beginning of the process. The fact that the possibility of injury is foreseeable is not pertinent for that possibility is always present during the operation of heavy machinery and is indeed the reason for the issuance of the policy.

■ This policy should not be interpreted so narrowly or rigidly as to destroy a recovery for a loss clearly traceable to the operation of plaintiff's Coal Company's business. Such contracts must be construed liberally. In the case of American Accident Co. v. Reigart, 94 Ky. 547, 23 S.W. 191, 21 L.R.A. 651, Judge Pryor quoted from May on Insurance with approval that:

"No rule, in the interpretation of a policy, is more fully established, or more imperative and controlling, than that which declares, in all cases, it must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to indemnity, which, in making the insurance, it was his object to secure."

■ Cases might be multiplied setting out the same rule. See Ky. Digest, Insurance, ☞ 146(3). In Donohue v. Washington Nat. Ins. Co., 259 Ky. 611, 82 S.W.2d 780, are found many definitions of what constitutes an accident, but the many factors mentioned must be related to the facts of the particular case. As related to the present case we deduce the principle that any happening resulting in injury, arising out of the operation of the insured's business, which is undesigned and unintended and not foreseeable as the natural and probable consequence of the initiating act, may be regarded as an accident within the meaning of the policy.

■ As the earth movements in this case began during the period covered by the first policy and continued probably for several months, the finding of the lower court that the accident in question occurred while both policies were in effect could not constitute prejudicial error since recovery was limited to the face amount of $5,000.00 fixed in both policies.

■ The Travelers cannot rely upon Divisions I and IV providing that the accident must be the result of premises operations and that if it occurred after the completion or abandonment of the work, the insurer was not liable. It is true the exact moment the mass of earth uncovered by the bulldozer passed over the Melton boundary line is unknown or at least not shown, but in the fall of 1956 while the work was in progress on the premises the earth mass began to move. Since we have determined the accident may be a process and is not confined to an immediate act or blow, this defense is not well taken for undoubtedly and proximately the mass of earth and debris moved slowly but inevitably towards the Melton boundary line until it was crossed and the Melton farm overwhelmed. The lower court so found and we can not say in this respect its finding was clearly erroneous.

■ It is further claimed the Travelers was deceived and misled because the address of the insured was mentioned as being in Clay County instead of Leslie County and therefore the operation was not covered by the policy. In our opinion there is no merit in this claim and we find the agent or agents of the Travelers were not deceived or misled but knew of the location of the Coal Company's operations in Leslie County. Besides under Division VI,—Definition of Hazards, it is only provided the accident must occur during the policy period and within the United States of America.

■ There is greater substance in the contention of the Travelers that no written notice was given as required by Condition 9 of the policy. It is true that there was no written notice given of the accident and this is a valid provision and its violation will unless waived prevent a recovery upon the policy. The Chancellor below found the Travelers had waived Condition 9 of the policies relative to giving written notice of the accident and his conclusion is supported by substantial evidence. As soon as practical plaintiff's representative gave notice to agent Young of the claim of Melton for damages and Young replied that it would be taken care of and investigated. In our judgment this constitutes a waiver on the part of the insurer of the above requirement of the policy. Where an oral notice has been given to an agent of the company who has replied that the claim would be taken care of, it amounts to a waiver of this provision of the policy. It was said in Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S.W.2d 1079–1082, that such statements and assurances on the part of an agent of the company "are held to have been an acceptance by him of a verbal notice as sufficient compliance with the terms of the contract." To the same effect are Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Bailey, 263 Ky. 163, 92 S.W.2d 84, and Federal Surety Company v. Guerrant, 238 Ky. 562, 38 S.W. 2d 425.

As we find no error in the findings of the lower court either of fact or of law we must approve the same and recommend that the judgment of the lower court be affirmed.

The opinion is approved by the Court and the judgment is affirmed.