WALTER STEGALL V. THE STATE.

No. 4681.   Decided November 7, 1917.

**Burglary—Sufficiency of the Evidence—Date of Offense—Limitation.**

Where, upon trial of burglary, the evidence sustained a conviction, the allegation that the burglary was committed on a certain day would not preclude the State from proving that it was on some other day within the period of limitation from the time the indictment was found, and we must assume that there was nothing in the record to show the contrary, that the defendant's claimed alibi was not established.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. C. A. Pippin.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—On May 17, 1917, the grand jury of Dallas County indicted appellant for burglary alleged to have been committed April 30, 1917   The case was tried June 12, 1917, on which date the jury found him guilty and assessed his punishment at the lowest prescribed by law.   The judgment is that when the cause was called for trial on June 12th, both parties appeared by attorneys, and the appellant also in his own proper person, and announced ready for trial.

There is no statement of facts and no bill of exceptions.

On June 13th appellant filed a motion for a new trial solely on the ground that the "verdict is contrary to law and the evidence."   This motion was heard and overruled on June 26, 1917.   On the next day the court, at appellant's instance, set aside that order overruling the motion and granted him leave to file an amended motion for a new trial, which he did.   Then on the next day, June 28th, the court heard his amended motion and overruled that.

The record shows no motion for a continuance nor any objection whatever to going to trial on the date the case was tried, for any reason.   But there does appear in the record, which was filed on June 21st, nine days after the trial verdict and judgment, and which was sworn to by appellant on June 26th, still five days later, a paper which alleges that defendant can not safely go to trial at this time for the reason of the absence of Bab Stegall, who resides in Dallas County, Texas, by whom he expects to prove that on Saturday night, April 30th, he was at his home at a certain numbered street in Dallas and remained there all night long, not leaving the place, and was there about 9 o'clock p. m. until daylight the next morning, hence he could not have committed the burglary charged against him.   Wherefore he at that

time prayed that the case be continued until another term or postponed until some future day in order that he may procure the attendance of said witness.

In his said amended motion he alleged that he had not been arrested after the indictment was found up to the time he was tried, hence he had applied for no process for the witnesses in his behalf, and among other things he set up that he could prove, in substance, a complete alibi by certain witnesses, naming them, and sought a new trial on that ground. He attached affidavits of several persons sworn to on June 27th to the effect that appellant had not been arrested after the indictment was found, but was originally arrested on a complaint and gave an appearance bond at that time and the affidavits of some witnesses to the effect that he was at his home on Saturday night, April 30, 1917, when the indictment alleges he committed the burglary.

There is no statement of facts in the record and we must assume that the evidence unquestionably established appellant's guilt. The allegation that the burglary was committed on April 30th would not, of course, preclude the State from proving that it was on some other date within the period of limitation from the time the indictment was found. The court heard all the testimony on the trial and we must assume, as there is nothing in the record to show the contrary, that his claimed alibi on the night of April 30th would have availed him nothing whatever, even if it be conceded that he was at home and not at the place of the burglary on that particular night. Upon the whole, without a statement of facts or a bill of exceptions there is nothing in the record shown in such a way as that we can hold any error was committed in the trial of the case or the overruling of his amended motion for a new trial, and, therefore, the judgment must be affirmed.

*Affirmed.*