PLEDGER v. BUSINESS MEN'S ACCIDENT ASS'N OF TEXAS. (No. 162–3158.)

(Commission of Appeals of Texas, Section "A." Feb. 23, 1921.)

1. Insurance ⚮455—Policy held to indemnify for accidental death.

Under application, certificate, and by-laws providing for payment of $5,000 for the death of the member caused "solely and exclusively by external, violent, and accidental means," *held* that beneficiary was entitled to recover for accidental death, member dying from a rupture of heart vessels at the time of lifting a cotton bale, in view of Rev. St. 1911, art. 4807, although the policy provided that there would be no liability for death resulting from any accident when no visible mark was on the body.

2. Contracts ⚮155—Construed most strongly against maker.

Contract should be construed most strongly against the maker.

3. Insurance ⚮675—Attorney's fees not allowed in action on policy.

Rev. St. 1911, art. 4746, does not authorize the recovery of attorney's fees in an action

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on an accident policy against an association incorporated under Acts 1903, c. 111, Rev. St. 1911, art. 4798, since the former, although subsequent, does not repeal the later article.

**4. Insurance ⟨⟩675—Article, providing for attorney's fees, relates only to certain corporations.**

Rev. St. 1911, art. 4746, relating to recovery of attorney's fees in actions against insurance companies. is a part (section 35) of an act of the Thirty-First Legislature (Acts 1909, c. 108), authorizing the incorporation and providing for the regulation of life, health, and accident insurance companies of a certain character, and relates only to the corporations authorized and regulated by such act.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Minnie Pledger against the Business Men's Accident Association of Texas. From a judgment of the Appellate Court (198 S. W. 810), which on rehearing reversed (197 S. W. 889), which reversed and remanded a judgment for defendant, plaintiff brings error. Reversed and rendered.

Lyndsay D. Hawkins, of Thurber, and E. R. Pedigo, of Austin, for plaintiff in error.

Ike D. White and White, Cartledge Graves, all of Austin, for defendant in error.

TAYLOR, J. This was a suit by Minnie Pledger against the Business Men's Accident Association of Texas on a contract of accident insurance. The contract was declared upon by plaintiff as consisting of the following instruments, to wit:

(a) The application of Beaureguard Pledger for membership in the association, and for accident insurance upon himself in favor of his wife, Minnie Pledger; (b) the certificate or policy issued pursuant to the application; (c) the by-laws of the association; and (d) its charter. The association was a mutual assessment accident association incorporated under the provisions of chapter 5, title 71, of the Revised Statutes 1911. The application for membership and for insurance gave the following as one of the indemnities: "$5,000 in the case of accidental death." The certificate, or policy, provided that—

"In consideration of the application for membership * * * the said Business Men's Accident Association of Texas does hereby receive the said Beaureguard Pledger * * * as a member of said association * * * and upon the further consideration * * * of the payment of the annual dues to be paid as provided in the by-laws of said association * * * there shall be payable to said member in the case of an accidental injury not resulting in death * * * the sum of $25 per week for total disability * * * and in the case of the accidental death of said member there shall be payable to Minnie Pledger (wife) * * * within ninety days after the receipt by said

association of satisfactory proof of the happening of said accidental death, the sum of $5,000; provided, however, that in case of liability incurred hereunder, on account of accidental death or accidental loss of both hands * * * said association reserves the right to pay such claim in annual installments of $1,000 each until the entire claim is paid. Such annual payments shall bear interest at the rate of 6 per cent. per annum from date of the first payment, and any and all such payments or liability to pay shall be, and is, in accordance with, and subject to, each and all of the provisions, limitations, and exceptions of the by-laws of said association * * * which said by-laws are hereby referred to and made a part hereof as fully as if they were recited at length over the signatures hereto affixed."

The by-laws provide for payment of $5,000 for the death of the member caused "solely and exclusively by external, violent, and accidental means."

Mrs. Pledger sought recovery on two theories, to wit: (1) On account of the accidental death of Pledger; and (2) on account of his death caused solely and exclusively by accidental means.

The association defended principally on the ground that the contingency insured, against was death resulting from accidental means solely and exclusively; that Pledger's death did not result from accidental means, and certainly not from such means solely and exclusively.

Pledger was a cotton buyer. On the day of his death, about noon, he attempted to lift a cotton bale and let it fall. He called ed one of the men in the cotton yard to him, stating that he (Pledger) had lifted several bales, and that "it got next to his wind." He then expressed a desire to go home and lie down. He went to his office, and in a few minutes was seized by an attack in the region of his heart, from which he died about 5 o'clock in the afternoon.

There was testimony tending to show that Pledger suffered a rupture of the heart or heart vessels at the time of lifting the cotton bales; that he was suffering from sclerosis of the arteries, the effect of which was to make them more susceptible to rupture.

The jury found in response to special issues that Pledger lifted the cotton bales, and that his death would not have resulted when it did had he not done so; that the lifting of the cotton bales caused him to suffer a rupture of the heart or heart vessels; that his death was caused by such rupture; that he had a diseased condition of the heart or heart vessels before lifting the cotton; that such diseased condition assisted in causing his death; that his death was the reasonably expected result of his physical effort in lifting the cotton. On the foregoing findings judgment was rendered in favor of the association.

On original hearing the court of Civil Appeals held that deceased's death was accidental, and that the policy insured him against such contingency; that section 27 of the by-laws was in conflict with the policy and ambiguous, and did not have the effect of limiting the policy coverage to death by accidental means. The cause was ordered reversed and remanded. 197 S. W. 889. On rehearing the Court of Civil Appeals affirmed the judgment of the trial court. In so doing it adhered to its former holding that the policy covered accidental death, and that the deceased died an accidental death, but held further that the entire contract of insurance, including the by-laws, did not insure against accidental death, but against death caused solely and exclusively by external, violent, and accidental means. 198 S. W. 311.

The vital question in the case is: Was the accidental death of Beaureguard Pledger a contingency insured against by plaintiff in error? In deceased's application for insurance accidental death is the contingency named as insured against in the sum of $5,000. There is no reference to death resulting from accidental means in the application, nor is any mention made in the policy of such coverage, or of any limitation upon liability for accidental death. The first reference to death as a result of accidental means is found in the by-laws. The sections of the by-laws throwing light on the policy coverage are sections 27, 28, and 29 of article 5, under the heading "policies." The material provisions of the sections referred to are as follows:

"Sec. 27. Subject to the provisions, exceptions, and limitations, prescribed by, and contained in, the policy issued to the members of the association, a member shall be entitled to benefits for injuries and his beneficiary to benefits for the death of the member, caused during his membership, solely and exclusively by external, violent, and accidental means, as follows: Death, $5,000.

"Sec. 28. Subject to the provisions, exceptions and limitations prescribed by, and contained in, the policy issued and to be issued to the members of the association, a member who necessarily sustains loss of time resulting from bodily injuries other than those specified in section 27 of this article, which are the direct result of, and are caused solely and exclusively by external, violent, and accidental means * * * shall be entitled to receive * * * $25 per week. * * *

"Sec. 29. All weekly indemnities paid to a member for disablement resulting in loss of life, the sight of eye or eyes * * * shall be deducted from the sum payable for the loss of life. * * * This association *shall not be liable* to any person for any indemnity or benefit for *injuries* or *death*, loss of hand or foot, * * * from an accident which happens to a member while said member is violating any laws or is in any degree under the influence of intoxicating liquors or narcotics * * * nor for *injuries* or *death* in any case in which

there is no visible mark or injury on the body of the member; nor for the death of a member occurring through the taking or inhaling of gas; * * * nor in the case such *injuries* shall occur wholly or partially, directly or indirectly from any of the following causes, conditions, or acts, * * * to wit: Diseases, bodily * * * infirmity. * * *" (Italics ours.)

"Sec. 34. In case of any loss, for which the association shall be liable for benefits for death or for loss of both feet * * * the association reserves the right to pay until the claim is paid in full, instead of paying the entire amount in one lump sum; such annual payments shall bear interest at the rate of 6 per cent. per annum from maturity of claim (date when first installment is due) until paid."

[1] A fair construction of the policy and by-laws together warrants the conclusion that the contingency specified in the policy is the contingency insured against by the contract of insurance. The policy names accidental death as a contingency insured against. Sections 27 and 28 of the by-laws provides that the member is entitled to the benefits therein referred to *subject to* the provisions of the policy. By-law provisions, thus conditioned, could not have the effect of limiting or rendering useless a provision of the policy, any more than a municipal charter, reciting that it is subject to the provisions of the state constitution, limits or nullifies the provisions of the Constitution.

Every policy issued by the association is required by the act to specify the sum of money which it promises to pay upon the contingency insured against, and the number of days to expire after the receipt of satisfactory proof of the happening of said contingency before such payment is due. Article 4807, R. S. 1911. Manifestly the policy provisions relating to policy coverage were framed in compliance with the statutory requirement, the policy stating the sum to be paid as $5,000; the number of days after receipt of the proof of the happening, 90; and the contingency insured against, accidental death. While the statute does not require in terms that the contingency insured against be specified in the policy, yet in construing the entire insurance contract in the light of the statute, the inference is strong that the coverage was $5,000 for accidental death.

There is one clause in the policy expressly made subject to the provisions of the by-laws, but that clause refers to the manner of the payment of benefits. It provides that such payments shall be made either in a lump sum, or in annual installments, etc., with the added proviso that all such payments (the lump sum) or liability to pay (promise to pay in installments following ascertainment of liability), "shall be made * * * subject to * * * the provisions * * * of the by-laws of said association."

One requirement of the act under which

defendant in error was organized is that the payment of the benefit provided in the insurance contract shall be in accordance with the provisions of the by-laws. Article 4804, R. S. 1911. Section 34 of the by-laws, supra, was doubtless adopted in view of this requirement. No clause of the policy other than the one referring to the payment of benefits is made subject to any of the stipulations of the by-laws; and it is doubtless made so in compliance with the article cited.

It clearly appears, generally speaking, that the policy provisions are given precedence in the matter of specifying the amount to be paid upon the contingency insured against, and that the provisions of the by-laws are made supreme in the matter of how payment of benefits shall be made.

It appears further that it was not sought by provisions of the by-laws to eliminate from the policy coverage liability for accidental death resulting from bodily infirmity.

Section 29 of the by-laws provides—but not subject to policy stipulations—that the association shall not be liable for any *injury* and *death* resulting from an accident which happens to a member while he is violating any law, etc., nor for *injury* and *death* when no visible mark is on the body; nor for *death* occurring from inhaling gas, etc.; but in the clause stipulating that there shall be no liability as the result of bodily infirmity, only *injuries* occurring from such infirmity are included. There is no stipulation that the company shall not be liable for the *death* of a member resulting "wholly or partially, directly or indirectly, from bodily infirmity."

[2] A fair construction of the plain provisions of the contract of insurance, including the application, policy, and by-laws, in view of the terms of the act under which defendant in error was incorporated, leads to the conclusion that the contingency insured against was accidental death, rather than death caused by accidental means. This conclusion is inevitable when the rule that a contract should be construed most strongly against the maker is applied.

The Court of Civil Appeals correctly held that there is a well-recognized distinction between accidental death and death resulting from accidental means. In the former, death is accidental if the result is an accident, whether due to accidental means or not. In the latter, regardless of whether the means by which death is produced be voluntarily employed, the result is due to accidental means, if in the act preceding the injury something unforeseen, unusual, and unexpected occurs which produces the result. Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517. Death caused by accidental means is an accidental death; but an accidental death may or may not be the result of accidental means.

228 S.W.—8

Viewing the contract of insurance as a whole, the association's liability in this case was for the accidental death of Pledger. Under the rule stated in the Bryant Case, supra, Pledger's death was caused by accidental means. It follows that his death was accidental, and it was so found to be by the Court of Civil Appeals. Judgment should have been rendered by the trial court on the findings of the jury in favor of defendant in error.

[3] The remaining question is whether article 4746, R. S. 1911, authorizes the recovery of attorney's fees in this case, contingent upon recovery by plaintiff in error. The article is as follows:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney's fees for the prosecution and collection of such loss."

Defendant in error was incorporated under an act passed in 1903. Acts 1903, p. 174. By section 4 of the act it is provided that companies incorporated under the act "shall be subject only to the provisions of this act." Article 4798, R. S. 1911. The act of 1903 makes no provision for the recovery of attorney's fees.

Article 4746, though enacted subsequent to the enactment of article 4798, does not repeal the latter article. It does not expressly repeal it, and does not have the effect of repealing it by implication. Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S. W. 1036; St. Louis Brownsville & Mexico Ry. Co. et al. v. Marcofich (Commission of Appeals Case approved, but not yet [officially] reported) 221 S. W. 582; hence a recovery of attorney's fees is not authorized in this case.

[4] An additional reason for holding article 4746 not applicable here is that it is a part (section 35) of an act of the Thirty-First Legislature (1909), authorizing the incorporation and providing for the regulations of life, health, and accident insurance companies of a character different from that of defendant in error, and relates only to the corporations authorized and regulated by that act. Inter'l Trav. Ass'n v. Branum (Sup.) 212 S. W. 630.

Plaintiff in error is not entitled to a recovery of attorney's fees, either contingent or fixed.

Proof of Pledger's death was made February 2, 1916. The policy matured 90 days thereafter.

We recommend that the judgments of the trial court and Court of Civil Appeals be

reversed, and that judgment be rendered in favor of plaintiff in error for $5,000, with interest thereon at the rate of 6 per cent. per annum from May 2, 1916.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.