**CROSS v. THE MACCABEES.    (No. 6973.)** *

(Court of Civil Appeals of Texas. Austin. May 19, 1926. Rehearing Denied June 23, 1926.)

**I. Insurance ⬤➡726.**

Rule that ambiguity or conflict in language of insurance contract will be construed most strongly against company and most favorably to insured applies to mutual benefit insurance companies.

**2. Insurance ⬤➡719(3)—Under amendment in 1922 of mutual insurance association's by-laws increasing rates payable by members of certain class "who had not transferred to some other plan," held, that member who transferred to some other plan in 1905 was not required to pay increased rate.**

Amendment in 1922 of mutual benefit insurance association's by-laws increasing monthly rates payable by certain class of members "who have not transferred to some other plan" which omitted provision of another section relating to transfer to some other plan "provided for in these laws" *held* not to limit transfer to plan adopted in 1922, and member who transferred in 1905 from old term plan to whole life plan was not required to pay higher rates.

On Motion for Rehearing.

**3. Insurance ⬤➡743—Member of mutual benefit association, accepting entirely new contract for old certificate, on association's wrongful cancellation of new certificate, held entitled to recover premiums paid only from such change.**

Where member of mutual benefit association surrendered old benefit certificate for entirely new contract under a different plan, *held*, that his old certificate matured, and, on association's wrongful cancellation of new certificate, he was entitled to recover premiums paid from date of change in contract only.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
286 S.W.—35        *Second motion for rehearing overruled October 6, 1926.

Error from District Court, Milam County; Prentice Oltorf, Judge.

Action by Sterling P. Cross against the Maccabees. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

W. A. Morrison, of Cameron, for plaintiff in error.

E. C. Street, of Waco, for defendant in error.

BAUGH, J. Plaintiff in error's membership and insurance certificate in the Maccabees was canceled and he was declared suspended after October 1, 1923, for failure and refusal to pay the increased monthly assessment made against him. He thereupon brought this suit to recover premiums theretofore paid, with interest. After a hearing before the court without a jury, judgment was rendered for the Maccabees, from which this writ of error is prosecuted.

The parties will be designated as in the lower court. The following pertinent facts appear. The defendant is a corporation chartered under the laws of the state of Michigan as a fraternal beneficiary association authorized to do a mutual insurance business, with a permit to do business in Texas. The plaintiff, Cross, joined said organization in 1893, and was issued a benefit certificate for $3,000, payable to his wife as beneficiary, for which he paid a rate of $1.95 per month. At that time the defendant issued only one form of benefit certificate, or policy, which appears to have been "term insurance." Its exact character is not disclosed by the record. In 1904, the "Supreme Review," the legislative body of defendant organization authorized to control such matters, met and provided two forms of benefit certificates. Under one a member might continue his "term insurance" then in force, at the rate then prevailing, until he reached 55 years of age, when it would be increased to $3 per month on each $1,000 insurance. Under the other he might convert his term policy, or transfer to what was designated as the "whole life plan," by payment of a larger premium, and in which event no further change in rate occurred at 55 years of age. At that time all members of the defendant society were re-rated. The plaintiff at that time transferred from the "term plan" to the "whole life plan," and his rate was increased from $1.95 per month to $4.35 per month, which amount he paid continuously up to October 1, 1923. At that time a tender of said amount was refused by the defendant, and a rate of $29.40 per month demanded of him. Upon his refusal to pay such higher rate his insurance was canceled by the defendant.

In June, 1922, the "Supreme Review" again amended defendant's by-laws and regulations in numerous respects, providing for several different forms of insurance policies, and various methods for the conversion of existing benefit certificates into the new forms of insurance, and also provided a general raise in rates. Amongst numerous other amendments the following appear:

"Sec. 317. All life benefit members of the association admitted prior to August 1, 1904, who did not elect to re-rate at the age of entry at the beginning of 1905, and all term plan members admitted prior to October 1, 1919, who are past 55 years of age, shall pay $3.00 per month for each $1,000 of life benefits carried until the first day of October, 1923, unless such members have voluntarily transferred to some other plan *provided for in these laws.*" (Italics ours.)

Then followed other provisions not pertinent here, and a table of rates applicable to certificate holders coming within the terms of this section. It is not disputed that plaintiff is not included in this amended section, because he did elect to re-rate at age of entry at the beginning of 1905.

The following section (318) of defendant's by-laws was at this time repealed and there appears in lieu of it sections 318a and 318b. We are not concerned with 318a. Section 318b reads as follows:

"All members admitted prior to August 1, 1904, who re-rated at entry age on or about January 1, 1905, and waived disability benefits, who have not transferred to some other plan, shall pay monthly rates at their attained age, nearest birthday, beginning October 1, 1923, according to the following tables of rates."

Then followed a table showing plaintiff's rate at his then age of 66 years as being $9.80 per thousand per month. The rate demanded was fixed under this table.

The first issue raised is whether or not the plaintiff, under the undisputed facts, comes within the provisions of this amended section 318b. If he does, his rate was fixed at the amount demanded. If he does not, then the premium demanded was not due and the cancellation of his certificate for refusal to pay it was wrongful.

[1] Not only do the instruments themselves provide that plaintiff's application, the certificate, and the by-laws of defendant association shall constitute his insurance contract, but the courts have so construed them when called in question. The rule that in case of ambiguity in the language of an insurance contract, or in case of uncertainty of its meaning or of conflict between different provisions of same, such contract will be construed most strongly against the insurance company, and most favorably to the insured, is too well settled to require citation of authorities. And the courts of this state have expressly applied this rule to mutual benefit insurance companies. Supreme Lodge K. of P. v. Wilson (Tex. Civ. App.) 204 S. W. 891; Pledger v. Business Men's Accident Ass'n of Tex. (Tex. Civ. App.) 197 S. W. 889; 198 S. W. 810; same case by Commission of Appeals, 228 S. W. 110. We shall therefore apply such rule in construing said section 318b, relied upon by

defendant to sustain its action in canceling plaintiff's insurance.

[2] The defendant association contends, and the trial court so found, that plaintiff had not transferred to some other plan, within the meaning of this section 318b. The trial court manifestly agreed with the defendant that the language "provided for in these laws," appearing in section 317 as amended, must be read into and added by implication to the language of amended section 318b, "who have not transferred to some other plan"; "provided for in these laws" meaning the by-laws passed in 1922. It is not disputed that plaintiff re-rated on or about January 1, 1905, and waived disability benefits. But the Supreme Record Keeper, who had held that position for more than 25 years, testified that all members re-rated in 1904. Hence the question of whether or not plaintiff re-rated at that time cannot fix his classification. Nor can we agree with the trial court that the language of section 318b includes only those who transferred to some new policy authorized and provided for by the Supreme Review in 1922. No such limitation appears in the language used, which is presumed to have been used deliberately. If such limitation as was expressly stated in section 317, "provided for in these laws," had been intended to apply to section 318b, it would have been an easy matter to have so stated. Not only do we think that such limitation is not implied, but by its omission when, if intended, it could so easily have been expressly added, we conclude that no such limitation was intended. We conclude, therefore, that the language "who have not transferred to some other plan" cannot be properly limited to some plan provided for in 1922, but includes any transfer to a plan other than that which existed prior to January 1, 1905, when such transfer was made by plaintiff from his old term plan certificate to the "whole life plan." Having thus transferred to some other plan, he was excluded from the express provisions of said amended section 318b, and was not required to pay the rates therein fixed. His policy was therefore wrongfully canceled.

This conclusion renders unnecessary a discussion of the other issues raised by plaintiff and disposes of this appeal. The defendant admits in its brief that, if the trial court erred in respect to this question, a reversal is necessary. The only remaining question is therefore whether we should remand or render the case.

That plaintiff paid the assessments, or premiums, as due at the rates charged from the time he joined said association in 1893, until dismissed in October, 1923, is admitted. Nor is it controverted that, if his insurance was wrongfully canceled, he is entitled to recover such payments, with interest. There appears to be no question raised by defendant as to the amount plaintiff is entitled to recover, if entitled to recover at all. We take it, therefore, that the items set forth in plaintiff in error's brief are correct. That being true, and for the reasons stated, the judgment of the trial court is reversed, and judgment here rendered in favor of plaintiff in error against defendant in error for the sum of $2,219.29, with interest thereon from this date at the rate of 6 per cent. per annum.

Reversed and rendered.

### On Motion for Rehearing.

[3] In its motion for rehearing defendant in error, among other assignments, urges that we erred, in any event, in rendering judgment for the premiums paid by Cross from the time he joined the order up to the time he transferred to the whole life plan on or about January 1, 1905. Upon examination of this question we have concluded that said defendant in error is correct.

In his pleadings plaintiff in error alleged throughout that the whole life plan to which he changed or converted in 1905 was a *new contract*. In order to obtain it, he made his election in December, 1904, under the changed by-laws of the order authorizing him to do so, expressly waived all claim to total and permanent disability benefits provided for under his old certificate, agreed to a change in rates from $1.95 per month to $4.35 per month, and chose an entirely new and distinct insurance protection from that formerly carried. In his application to do so we find the following language immediately above his signature:

"I hereby surrender my present certificate, that a new one may be issued under the whole life plan."

It is true that the old certificate, with riders attached, was returned to him, but we think the result was the same as if a new and separate certificate had been issued to him. We are of the opinion, therefore, that his former certificate was matured in 1904, and that his changed insurance constituted an entirely new contract. That being true, the old contract was not breached, and he can recover nothing paid thereunder. This question was expressly determined in Supreme Lodge K. of P. v. Mims (Tex. Civ. App.) 167 S. W. 835, a case very similar in many respects to the case at bar, and in which a writ of error was refused by the Supreme Court. We deem further discussion of this point unnecessary, and content ourselves with referring to the Mims Case.

The defendant in error's motion is granted in part and our former judgment herein reformed, so as to deny plaintiff in error recovery of any of the premiums paid by him prior to January 1, 1905, the date he transferred to the whole life plan, and judgment is here now rendered in his favor for $1,532.09, together with interest thereon from March 20, 1925, at the rate of 6 per cent. per annum.

In all other respects said motion is overruled.

Motion granted in part, and in part overruled.