## HAWKINSON v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA. (No. 2303.)

Court of Civil Appeals of Texas. El Paso. June 13, 1929.

Rehearing Denied Sept. 3, 1929.

W. H. Winter and Knollenberg & Cameron, all of El Paso, for plaintiff in error.

C. W. Croom, of El Paso, for defendant in error.

HIGGINS, J. This is a suit by plaintiff in error against the defendant in error, incorporated under the laws of Ohio, upon an accidental death insurance certificate issued to Chas. G. Hawkinson on April 23, 1910, of which certificate the plaintiff in error is the beneficiary.

By the terms of the certificate, Chas. G. Hawkinson was "insured in a sum not exceeding sixty-three hundred ($6,300.00) dollars, provided he shall sustain during the continuance of his membership, and while in good standing, bodily injury effected through external, violent and accidental, means, which alone, shall occasion death immediately or within six months from the happening thereof, subject to the provisions, conditions and requirements of the constitution of the Order of United Commercial Travelers of America."

On July 3, 1923, the assured left Pomona, Cal., traveling east in an automobile. About 1 or 2 p. m. of that date his dead body was found in the car upon the desert about 12 miles east of Desert Center, in Riverside county, California. It is the theory of the plaintiff in error the deceased died of heat prostration, and the death so caused was insured against by the certificate quoted.

There is in the record a stipulation by counsel as to certain by-laws of defendant in error. The certificate makes no reference to by-laws; the reference is to the constitution of the defendant in error. The parties, however, have apparently treated the words "constitution" and "by-laws" as synonymous, and we will do likewise. At the time the cer-

tificate was issued a by-law of defendant in error provided "that payments authorized under the provisions of this section shall not cover or extend to any death, disability, or loss resulting from * * * sunstroke. * * *" Subsequently, and prior to the death of the assured, the by-law was amended so as to read: "Nor shall benefits cover or extend to any of the following conditions, whether caused by accidental means or not, to wit: Heat prostration, sunstroke or sunburn."

In its finding of fact the trial court found that deceased died of heat prostration. The court's conclusion of law was: "That, by reason of the amendment of the constitution excepting death by heat prostration, the protection and benefit theretofore enjoyed was removed; and that the beneficiary is not entitled to recover any benefit under the certificate of membership issued to the deceased." Upon this conclusion judgment was rendered for the defendant in error.

■ In the conclusion stated we think the court erred. There are decisions in some jurisdictions which support the ruling made, but the weight of authority is that a reserved right of a mutual benefit insurance association to amend or alter its by-laws does not authorize an amendment or alteration which materially impairs the obligation of its prior contracts of insurance. 2 Cooley's Briefs on Ins. (2d Ed.) p. 1170 et seq.; 45 C. J. p. 38, § 31. This seems to be the view adopted by the courts of this state. Ericson v. Supreme Ruling, etc., 105 Tex. 170, 146 S. W. 160; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S. W. 438; Independent Order, etc., v. Brown (Tex. Civ. App.) 229 S. W. 939.

Defendant in error asserts that under the undisputed evidence the proper judgment was nevertheless rendered, and the case should be affirmed. In support of this position it presents a number of propositions which will now be considered. If the amended by-law naming heat prostration as an excepted risk is to be regarded as invalid, the point is made by defendant in error that death by heat prostration is not a risk covered by the certificate and by-law in effect at the time the certificate was issued.

■ The certificate upon its face contains no exceptions, but the by-law then in force excepted death by sunstroke. Sunstroke and heat prostration are both caused by exposure to heat, but according to the testimony of the medical experts there is a difference between the two conditions. The symptoms are different; the treatment, also. So the exception of death by sunstroke does not embrace death by heat prostration. Defendant in error does not so contend, but asserts that heat prostration, like sunstroke, is a disease, and is not covered by a contract which insures only against death occasioned by bodily injury effected through external, violent, and accidental means, as in the present case. We regard this contention foreclosed against defendant in error by the opinion of Chief Justice Phillips in Bryant v. Continental Casualty Company, 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517, which has been quoted and followed in Higgins v. Midland Casualty Company, 281 Ill. 431, 118 N. E. 11, Elsey v. F. & C. Co., 187 Ind. 447, 120 N. E. 42, L. R. A. 1918F, 646, and Continental Casualty Co. v. Clark, 70 Okl. 187, 173 P. 453, L. R. A. 1918F, 1007.

It is true that in all of these cases the contracts contained a special indemnity clause covering death by sunstroke, due to external, violent, and accidental means, but upon the views expressed relating to that clause it would seem recovery would have been allowed under the general insuring clause against loss of life caused by personal bodily injury effected directly and independently of all other causes through external, violent, and purely accidental means. Judge Phillips, in the Bryant Case, held that sunstroke sustained by the deceased while walking upon the street, pursuing his usual vocation, was to be regarded as a bodily injury, as distinguished from disease, and covered by the clause in question.

The Bryant Case was quoted with approval in Richards v. Standard Acc. Ins. Co., 58 Utah, 622, 200 P. 1017, 1018, 1025, 17 A. L. R. 1183, where recovery was allowed for death caused by sunstroke under a policy insuring against "loss resulting from bodily injuries effected directly, exclusively and independently of all other causes, through accidental means, except when intentionally self-inflicted while sane or insane." In that case the court reviews the authorities and says: "Our conclusions are that the term 'bodily injuries' within the meaning of the policy embraces sunstroke or a heat stroke from the direct rays of the sun; that the sunstroke was itself in this case an accidental cause or means resulting in the death of the insured; that the combination of unexpected circumstances, and particularly the miscalculation of the distance from the river to the mining claim, were accidental means unexpectedly producing an unforeseen and unforeseeable, unusual, and not to be expected result, and that on the admitted facts, the submittal of the issues to the jury was unnecessary; plaintiff being entitled to an instruction directing a verdict in her favor."

This case supports the view, expressed above, that under the reasoning of the opinion in the Bryant Case recovery would have been allowed properly under the general insuring clause of the policy, and independent of the special indemnity provision relating to sunstroke. We are therefore of the opinion that in the case at bar the death of Hawkinson from heat prostration, under the circumstances stated, was a risk covered by the certificate sued upon.

■ It is also insisted the evidence is insufficient to show Hawkinson died from heat prostration as found by the trial court. No witness who saw the body testified, except Dr. Dickson, county coroner of Riverside county, and a practicing physician there for many years. He testified that on July 5, 1923, he held an inquest upon the body at Blythe, Cal.; that no autopsy was performed, but "after I had examined the body of Charles G. Hawkinson in July, 1923, I pronounced it a case of death by heat exhaustion. From the examination I made of his body, I was and still am of the opinion that it was a case of death due to heat exhaustion, I examined the body of Mr. Hawkinson sufficiently to convince me that it was death by heat exhaustion." Heat exhaustion and heat prostration are shown to be synonymous terms.

In view of this testimony, it cannot be said there is no evidence to support the finding that deceased died of heat prostration. In view of retrial, it would be inappropriate to discuss the probative force of Dr. Dickson's testimony in the light of the testimony of all the other medical experts with respect to the difficulty of determining the exact cause of death under the facts here shown. We merely hold that, in view of Dr. Dickson's testimony, it cannot be said the finding as to the cause of death is not without some evidence to support it.

In further support of the judgment it is urged notice in writing was not given the Supreme Secretary within 20 days after death, as the by-laws require; suit was not brought within 6 months after the right of action accrued, as such by-laws require; also the amended petition filed June 27, 1928, upon which the suit was tried, set up a new cause of action, and was barred by limitation.

■■ The secretary of the local organization of defendant in error, of which deceased was a member, testified it was his duty to notify the Supreme Secretary of any accident happening to a member, and within 10 days he wrote the Supreme Secretary, notifying him of the death of Hawkinson and inclosed a newspaper clipping "showing just the way the thing occurred." This shows sufficient compliance with the by-law relating to notice. 1 C. J. 476, § 188. The limitation requiring suit to be brought in six months is invalid. Article 5545, R. S.

■ The cause of. action asserted in the original petition and all subsequent amendments were based upon the same contract, and none of the amendments are to be construed as setting up a new cause of action. Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455; Warnock v. Mills (Tex. Com. App.) 291 S. W. 850.

■ A by-law in effect at the time the certificate was issued provided same should not cover or extend to any death, disability, or loss "of which there shall be no external or visible marks on the body," and a by-law "in effect at the time of the death of the deceased provides that 'no benefits shall be payable unless there is some external, visible mark of the accident upon the body.'" Provisions such as these in accident policies are generally held inapplicable in death cases, and in any event the death pallor, and other evidences of death present upon every dead body immediately or shortly after death, sufficiently constitute the external and visible evidence within the purview of such provisions. 4 Cooley, Briefs on Ins. (1st Ed.) pp. 3194, 3195; 1 C. J. 433. See, also, Pledger v. Business Men's, etc. (Tex. Com. App.) 228 S. W. 110.

This disposes of the various counter propositions submitted by defendant in error in support of the judgment.

Reversed and remanded.