**TAYLOR v. NATIONAL LIFE & ACCIDENT INS. CO.**

No. 4074.

Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1933.

Rehearing Denied Nov. 8, 1933.

E. O. Northcutt, of Amarillo, for appellant.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellee.

HALL, Chief Justice.

The appellant filed this suit on March 17, 1931, to recover upon two life insurance policies issued to her husband, Albert Taylor, one in the sum of $80 and the other in the sum of $200.

It is alleged that Albert Taylor died March 18, 1929. Plaintiff prayed for judgment for the full amount of both policies and that she recover the statutory penalty for nonpayment and $200 as attorney's fees.

Appellee admits that the assured, Albert Taylor, died on March 18, 1929; that this suit was filed on March 17, 1931; that the petition was filed within two years from the death of the assured; and further admits that the plaintiff's cause of action upon each policy did not accrue until some time after the death of the assured.

The record shows that no citation was ever issued until August 30, 1932, and was served upon the appellee on the 1st day of September, thereafter.

The policy for $80 contains this limitation clause: "No suit shall be brought nor action commenced against this Company under this policy until sixty days after claim has become due nor after two years from the time when the right of action shall accrue."

The policy for $200 contains this limitation clause: "No suit shall be brought nor action commenced against this Company under this policy after two years from the time when the right of action shall accrue unless otherwise provided by the law of the state or the contract."

It is admitted that the policies were issued in Texas, and the sole question for decision is: Did the delay in issuing citation for more than a year after suit was filed result in barring the action?

A jury was impaneled to try the case, and when the plaintiff had closed in the introduction of her testimony, the appellee moved the court to direct a verdict in its favor upon the issue of limitation. The court granted this motion, a verdict was returned in accordance with the peremptory instruction, and judgment was entered in favor of the insurance

company, from which this appeal is prosecuted.

The recitals in the court's judgment show that the verdict was directed and the judgment entered in accordance therewith upon the sole ground that the court found as a matter of law that the cause of action was barred by reason of the delay in the issuance and service of citation.

R. S. art. 5545 provides: "No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

After the death of Albert Taylor, the appellant carried his body to Greenville, Tex., where it was interred, and she returned to Amarillo within ten days thereafter. The necessary notices of the death of Albert Taylor were given and proofs of death were made out in proper form and duly filed. Upon the failure of the company to pay, she employed Homer Calloway, an attorney, who filed this suit. Calloway did not testify. The appellant testified that she did not know what Calloway did toward getting out citation at the time the suit was filed; that after Calloway abandoned the case, she employed her present counsel, Mr. Northcutt, two or three months before the suit was tried; and that Mr. Northcutt had the citation issued and served upon the president of the board of insurance commissioners at Austin. She testified that she talked to Calloway several times about the trial, and that he promised to try the case as soon as the county judge (who was at that time in a hospital in Oklahoma) recovered from his illness and returned to Amarillo; that she did not know citation had not been issued until her present counsel, Northcutt, so informed her. That service was had upon the appellee within two weeks after Northcutt was employed.

The clerk of the court with whom the petition was filed did not testify. There is no evidence in the record which tends to explain the delay in issuing citation of from twelve to eighteen months from the time the cause of action accrued.

■ It will be noted that both of the limitation clauses provided that no suit shall be brought "after two years from the time when the right of action shall accrue." The word "after" has been given a variety of meanings and applications by the courts (26 R. C. L. 744, § 18), and its meaning as used in the two clauses is not clear. The general rule is that the four-year statute of limitation applies to suits on insurance policies because they are contracts in writing under the provisions of article 5527, subd. 1. Simmons v. Western Indemnity Co. (Tex. Civ. App.) 210 S. W. 713; Commercial Standard Ins. Co. v. Lewallen (Tex. Civ. App.) 46 S.W.(2d) 355.

■■ Under the provisions of article 5545, the parties to a contract may limit the right to sue, provided the time is not shorter than two years from the accrual of the cause of action. "After" sometimes means "at the end of," "as soon as." 2 C. J. 395, which announces the rule that "in computation of time, the word 'after' is generally understood in the sense of excluding the day of the date mentioned," citing numerous authorities; Gore v. Hedges, 7 T. B. Mon. (Ky.) 520, holds that the phrases "for the space of one month after the return day" and "within one month from the return day," are equivalent expressions. According to these authorities, the stipulation that no suit should be filed after two years from the time when the right of action accrues means that the suit must be brought before the expiration of two years from the time plaintiff had the right to sue, or, in other words, the suit must be filed within two years from the accrual of such right. To prohibit the plaintiff from suit any time after two years from the date the right of action accrued necessarily requires the suit to be filed before the expiration of two years or within that period. So construing the stipulations, they conflict with the provisions of article 5545, quoted supra, and are therefore void. Fire Ass'n of Philadelphia v. Richards (Tex. Civ. App.) 179 S. W. 926; Hawkinson v. Order of U. C. Trav. of America (Tex. Civ. App.) 20 S.W.(2d) 101. The attempted contractual limitation being void, the plaintiff in this case had the right to file her suit at any time within four years from the time her right of action accrued.

■■ As pointed out by Hamilton, Justice, in Hannaman et al. v. Gordon (Tex. Com. App.) 261 S. W. 1006, 1007, the four-year statute provides that certain actions, including those based upon written contracts, "shall be commenced and prosecuted within four years," further holding that the mere filing of the petition with the clerk and a failure to have citation issued within the period of limitation did not prevent the running of the statute.

In the instant case the citations were issued and served before the expiration of four years from the accrual of plaintiff's cause of action upon each policy, and since the issuance and service of process constitutes the prosecution of the suit, it is immaterial that a period of more than one year elapsed between the filing of the petition and the issuance and service of citation, because, as stated, the process was served before the bar of the statute was complete.

The judgment is therefore reversed, and the cause remanded.