

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00814-CV

Terry **GRANGER**,
Appellant

v.

**THE TRAVELERS HOME AND MARINE INSURANCE CO.**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2014CV03227
Honorable David J. Rodriguez, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

Terry Granger appeals a summary judgment dismissing her breach of contract and common law fraud causes of action against The Travelers Home and Marine Insurance Company. We affirm the trial court's judgment.

### BACKGROUND

Granger purchased a Renter's Insurance Policy from Travelers (the Policy). The Policy provided coverage against personal property loss caused by theft. The Policy included the following relevant language:

**SPECIAL PROVISIONS - TEXAS**

**Section I – Conditions**

2. **Your Duties After Loss.**  In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us.  These duties must be performed either by you, an "insured" seeking coverage, or a representative of either.

    . . .

    e.  Cooperate with us in the investigation of a claim;

    . . .

    g.  As often as we reasonably require:
        (1) Show the damaged property;
        (2) Provide us with records and documents we request and permit us to make copies; and
        (3) Submit to examination under oath, while not in the presence of another "insured", and sign the same;

    . . .

9. **Suit Against Us.**  No suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy.  Action brought against us must be started within two years and one day after the cause of action accrues.

While the Policy was in force, Granger submitted a claim for coverage for the loss of personal property from an alleged burglary of her rental residence.  After Granger's claim was made, Travelers notified Granger she was required to complete a proof of loss, provide documentation of the stolen property, and submit to an examination under oath.  Granger failed to respond to Travelers's requests.  On January 19, 2011, Travelers sent Granger a letter closing her claim.  On October 13, 2014, Granger filed her lawsuit against Travelers alleging breach of contract.

Travelers filed a motion for summary judgment as a matter of law alleging that Granger's breach of contract claims were barred by the Policy's "two years and one day" limitations condition.  Subsequently, Granger amended her petition to include a common law fraud claim by which she claimed that her landlord, who she alleges was also an agent for Travelers, falsely

represented to her that the limitations period for filing any insurance claim was four years. Travelers responded by amending its motion for summary judgment to address both the breach of contract and the common law claims. The trial court granted Travelers's motion for summary judgment on both claims.

This appeal followed.

## STANDARDS OF REVIEW

"We review a trial court's grant of summary judgment *de novo*." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *accord Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

### A. Traditional Motion

"A traditional summary judgment motion is properly granted where a defendant conclusively negates at least one essential element of a [plaintiff's] cause of action." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam); *accord Fernandez*, 315 S.W.3d at 508; *see* TEX. R. CIV. P. 166a(c).

### B. No-Evidence Motion

We review a no-evidence summary judgment using a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see also* TEX. R. CIV. P. 166a(i). "When reviewing [either a no-evidence or a traditional motion for] summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe*, 145 S.W.3d at 157; *accord Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). If the nonmovant's summary judgment evidence contains "more than a scintilla of probative evidence to raise a genuine issue of material fact," the trial court may not properly grant the no-evidence motion. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

**ORDER OF DISCUSSION**

Travelers filed a traditional motion for summary judgment on the issue of limitations on the breach of contract claim, and both a traditional and a no-evidence motion for summary judgment on the common law fraud claim. For convenience, we will first address the defense of issue of limitations period pertaining to the breach of contract claim. Then, we will address the common law fraud claim.

**BREACH OF CONTRACT CLAIM**

**A.     Arguments**

In her first issue, Granger argues that the Policy's "two-years-and-one-day" limit is not supported by consideration. Granger contends that the uncontroverted summary judgment evidence shows she did not receive consideration for her relinquishment of the four-year limitations period defined in section 16.051. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. Accordingly, Granger insists, the two-years-and-one-day limitation does not apply to her and her lawsuit against Travelers is not barred.

Travelers argues that Granger's contention fails because payment of the premium by the policyholder is consideration for all of the Policy's terms and conditions.

We agree with Travelers.

**B.     Applicable Law**

Generally, the limitations period for a breach of contract cause of action is "four years after the day the cause of action accrues." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2006); *Cody Texas, L.P. v. BPL Expl., Ltd.*, 513 S.W.3d 522, 534 (Tex. App.—San Antonio 2016, pet. denied); *Jett v. Trucker Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ). "However, parties to a transaction may agree to the time in which a person must file suit on a given cause of action." *Jett*, 952 S.W.2d at 109 (citing *Culwell*

*v. St. Paul Fire & Marine Ins. Co.*, 79 S.W.2d 914 (Tex. Civ. App.—Eastland 1935, writ dism'd); *Taylor v. Nat'l Life & Accident Ins. Co.*, 63 S.W.2d 1082 (Tex. Civ. App.—Amarillo 1933, writ dism'd)). In the context of insurance policies, "[i]nsurance provisions that limit the time within which to file a suit to two years and a day are valid and binding." *Id.* (citing *Bazile v. Aetna Cas. & Sur. Co.*, 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd)).

## C.    Analysis

Under *Jett*, the Policy's limitation provision of two years and one day to file a cause of action against Travelers is valid and binding. *See id.* Granger, however, argues that because there is no consideration paid for the two-years-and-one-day limitation under the Policy, that provision is not legally binding and enforceable. Although Granger provides no authority for that proposition, she claims that her affidavit, in which she states that she did not receive additional consideration for the forfeiture of the four-year statute of limitations, is uncontroverted evidence of that fact. We disagree.

In her affidavit, Granger testified as follows:

> Travelers did not give me any discount from the costs/premium for the policy, nor any monetary or other kind of compensation as consideration for my relinquishment of the four (4) year statute of limitations time period in which to file a breach of contract lawsuit against Travelers. I did not receive any independent consideration from Travelers for the shorten[ed] limitations period of two (2) years and a day contained in the policy.

In the same affidavit, Granger testified she paid the premium for the renter's policy and that Travelers issued the Policy. Under the "Agreement" heading in the Declarations portion of the Policy, Travelers agreed to "provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy."

The Policy's language is unambiguous, and we construe it as a matter of law. *See First Bank v. Brumitt*, 519 S.W.3d 95, 105 (Tex. 2017) ("When a contract's language is unambiguous,

courts must 'construe the contract as a matter of law.'" (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983))). We conclude the premium Granger paid was consideration for all provisions contained in the Policy, including the two-years-and-one-day limitation provision.

Accordingly, Granger's argument that additional consideration for the reduction in the limitations period was necessary fails as a matter of law.

**D.     Lack of Consideration Argument Fails**

Because Granger's premium payments were consideration for all the Policy's provisions, including the two years and one day limitation period, and Granger filed her suit more than two years and one day after Travelers denied her claim, Granger's cause of action for breach of contract is, as a matter of law, barred by the Policy's limitation period. *See* Tex. R. Civ. P. 166a(c); *Henkel*, 441 S.W.3d at 251. We overrule Granger's first issue.

## Common Law Fraud

We next address Granger's issue that the trial court erred in granting summary judgment on her fraud claims against Travelers. Because Travelers filed no-evidence and traditional motions for summary judgment, we review the no-evidence motion first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence motion was properly granted, we need not address the traditional motion. *See id.*

**A.     Pleadings, Summary Judgment Evidence**

In her last amended petition, Granger alleged the following:

> Defendant's agent, who was also Plaintiff's landlord at the time that the policy was sold to her, and after the theft occurred and during the claims process, represented to Plaintiff that the limitation for filing any claims was four (4) years. Defendant's representation to Plaintiff was material because Plaintiff was not informed of the two (2) year[s] and a day limitation imposed by the contract at any time because had she been timely informed of the 2 year[s] and a day limitation period, she would have filed her lawsuit within the contractual period specified in the contract with [T]raveler's Insurance Company. Defendant's representation to Plaintiff was a false statement of fact. Defendant made the false representation

knowing it was false to Plaintiff. Alternatively, Defendant made the false representation recklessly, as a positive assertion, and without knowledge of its truth. Defendant intended for Plaintiff to rely on or had reason to expect Plaintiff would act in reliance of the false representation. Plaintiff justifiably relied on Defendant's false representation when Defendant stated to Plaintiff that the limitation for filing claims was four (4) years.

Granger's affidavit filed as summary judgment evidence states as follows:

2. When I purchased my renter's insurance policy from The Travelers Home and Marine Insurance Company . . . , I met with Christopher Detweiler an agent of Travelers and informed him that I wanted to purchase renter's insurance. Mr. Detweiler, Traveler's agent[,] spoke to me about the renter's insurance policy. During such conversation, Mr. Detweiler told me that under the policy there was a four (4) [year] statute of limitations. I relied on Mr. Detweiler's representation regarding the four (4) years limitations in making my decision to purchase the renter's insurance from Travelers. . . .

3. Even after my losses, I spoke with Mr. Detweiler and at no time did he state I had only two (2) years and a day following the denial of my claim in which to bring a lawsuit challenging the denial. It is clear that Mr. Detweiler made the false representation recklessly, as a positive assertion, to induce me to buy a policy from Travelers. I relied upon Mr. Detweiler's representation that the statute of limitations was four (4) years. Mr. Detweiler's false representation directly and proximately caused injury to me, which resulted in damages.

As summary judgment evidence, Travelers filed the Policy, which shows the agent as The Solutions Group. The Policy does not make any reference to Detweiler. Travelers also produced part of Granger's deposition testimony in which she admitted that she had no personal knowledge of the relationship, if any, between Detweiler and Travelers.

**B.     Arguments**

Granger argues that the trial court erred in granting Travelers's motion because the evidence shows that Detweiler, as Travelers' insurance agent, represented to her that the policy had a four-year statute of limitations. Granger insists Detweiler had apparent authority to bind Travelers, and she relied on Detweiler's material representation when she purchased the Policy. Therefore, Granger concludes, her cause of action for fraud should not have been summarily dismissed by the trial court.

Travelers argues that any representation made by Detweiler is not binding on Travelers because there is no evidence of apparent authority; that is, there is no evidence that it authorized Detweiler to act on its behalf. Travelers concludes that because there is no evidence of apparent authority, it was entitled to judgment on both its no-evidence and traditional motions.

## C.    Applicable Law

### 1.    Common Law Fraud Claim

"A common law fraud claim requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

### 2.    Agency

An agency is the consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control. An agency relationship will not be presumed, and the party asserting the relationship has the burden to prove its existence. In proving the existence of an agency relationship, it is essential to show that the alleged princip[al] has both the right (1) to assign the agent's task, and (2) to control the means and details of the process by which the agent will accomplish the assigned task.

*Schultz v. Rural/Metro Corp. of N.M.-Tex.*, 956 S.W.2d 757, 760 (Tex. App.—Houston [14th Dist.] 1997, no writ) (citations omitted); *see Thomason v. Collins & Aikman Floorcoverings, Inc.*, No. 04-02-00870-CV, 2004 WL 624926, at *4 (Tex. App.—San Antonio Mar. 31, 2004, pet. denied) (mem. op.).

### 3.    Apparent Authority

"To establish apparent authority, one must show that a principal either knowingly permitted an agent to hold itself out as having authority or showed such lack of ordinary care as to clothe the agent with indicia of authority." *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 952–53 (Tex.

1996) (citing *Ames v. Great S. Bank*, 672 S.W.2d 447, 450 (Tex. 1984)). On review, we "may consider only the conduct of the principal leading a third party to believe that the agent has authority in determining whether an agent has apparent authority." *Id.* at 953 (citing *Sw. Title Ins. Co. v. Northland Bldg. Corp.*, 552 S.W.2d 425, 428 (Tex. 1977)).

"[O]ne seeking to charge the principal through apparent authority of an agent must establish conduct by the principal that would lead a reasonably prudent person to believe that the agent has the authority that he purports to exercise." *Biggs v. U.S. Fire Ins. Co.*, 611 S.W.2d 624, 629 (Tex. 1981); *accord Dilling*, 922 S.W.2d at 953. "The principal must have affirmatively held out the agent as possessing the authority or must have knowingly and voluntarily permitted the agent to act in an unauthorized manner." *Dilling*, 922 S.W.2d at 953 (citing *Douglass v. Panama, Inc.*, 504 S.W.2d 776, 778–79 (Tex. 1974)).

## D. Analysis

Granger claims that Detweiler is Travelers's agent and that his alleged fraud is imputable to Travelers. The only evidence of Detweiler's apparent authority that Granger presented was her affidavit's conclusory assertion that Detweiler was Travelers's agent. *Contra Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) ("Conclusory affidavits are not enough to raise fact issues."). Granger provides no factual foundation for her assertion. Specifically, Granger fails to state how she learned that Detweiler was Travelers's agent, whether Detweiler sold or negotiated the Policy, or how Travelers controlled Detweiler. *See Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion, and is insufficient to create a question of fact to defeat summary judgment."). For these reasons, Granger's affidavit is conclusory and not proper summary judgment evidence. *See Ryland Group*, 924 S.W.2d at 122; *Gonzales*, 190 S.W.3d at 746.

Assuming arguendo that Granger's testimony is proper summary judgment evidence, Granger failed to produce any summary judgment evidence that an agency relationship existed between Granger and Travelers. There is no evidence that Travelers assigned Detweiler to present the Policy to Granger or to explain its conditions, especially the limitations condition, to her. *See Schultz*, 956 S.W.2d at 760. There is no evidence that Travelers controlled Detweiler's tasks. *See id.* There is likewise no evidence that Travelers permitted Detweiler to hold himself as an agent with authority to explain the limitations portion of the Policy or that it knowingly or voluntarily permitted Detweiler to misstate the limitations period to file a claim against Travelers. *See id.*

Faced with a no-evidence motion, Granger failed to meet her burden to present some evidence that established that Detweiler had apparent authority to act for Travelers. *See Ridgway*, 135 S.W.3d at 600. Having concluded that Travelers's no-evidence motion for summary judgment on the common law fraud was properly granted by the trial court, we need not address Travelers's traditional motion for summary judgment. *See id.*

### E.     Apparent Authority Argument Fails

There is no evidence that any alleged fraud on Detweiler's part can be imputed to Travelers under the theory of apparent authority. We overrule Granger's second issue.

#### CONCLUSION

Having overruled both of Granger's issues, we affirm the trial court's order.

Patricia O. Alvarez, Justice